Macdonald, D. Lloyd, J.
Before the Court is the plaintiffs’ motion to terminate or modify an earlier impoundment order entered by a judge sitting on the criminal side of the court. The matter is before this session pursuant to the plaintiffs having thereafter filed a civil action seeking relief from the impoundment order.
The events underlying this action were the March 31, 2011 execution of seven search warrants on the premises and bank accounts of the plaintiffs. The warrants were predicated on suspected violations of criminal gambling statutes. The plaintiffs operate certain internet cafes in Fall River and Fairhaven, which *495 the Attorney General believes were fronts for illegal gaming. No arrests were made when the warrants were executed; however, as a result of the warrants, $109,000 of the plaintiffs’ funds were frozen. In addition, the plaintiffs’ computers, servers and records were seized from the target premises. It is undisputed that the execution of the warrants caused the shutdown of the plaintiffs’ businesses. The businesses remain closed. The Attorney General represents that its investigation is ongoing and involves a number of other operators of internet cafes.
The motion seeks the lifting of the impoundment order so as to permit the release of the affidavits underlying the search warrants. A hearing on the motion was held. It was concluded by the Court ordering the submission of the affidavits for the Court’s in camera review. The Court further ordered that the Attorney General submit an affidavit describing the office’s reasons for continuing im-poundment.
The Court has since reviewed the search warrant affidavits, the affidavit of the chief of the Attorney General’s criminal division and the parties’ memo-randa of law. The Motion is ALLOWED. The Court’s reasons are the following:
1. Under Rule 7 of the Trial Court’s Uniform Rules on Impoundment Procedure an order of impoundment can issue upon “good cause.” “In determining good cause, the court shall consider all relevant factors, including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of community interest, and the reason(s) for the request.” The SJC has held that “[t]hrough the balancing process, a judge must . . . tailor the scope of the impoundment order so that it does not exceed the need for the impoundment.” H.S. Gere & Sons, Inc. v. Frey, 400 Mass. 326, 329 (1987).
2. The plaintiffs submit that the good cause balancing test is inapplicable here because of the intersecting Fourth, Sixth and First Amendment interests at play (and their equivalent state-based rights). The Court disagrees because inherent in the rule-mandated process is a consideration of “the nature of the parties and the controversy, the type of information and the privacy interests involved.” Accordingly, the constitutional interests cited by the plaintiffs are a necessary part of the Court’s resolution of the matter. Commonwealth v. Silva, 448 Mass. 701, 707 (2007).
3. Neither the SJC nor the Appeals Court has addressed directly the issue before the Court, and the authorities from other state and federal jurisdictions are inconclusive. However, certain interests are clear. First, ordinarily, the Commonwealth has a compelling interest to maintain the secrecy of the evidence derived in its criminal investigations during the pre-indictment period. See In re EyeCare Physicians of America, 100 F.3rd 514, 516-17 (7th Cir. 1996). Simultaneously, the plaintiffs have compelling Fourth Amendment and federal and state-based due process interests because their property has been seized and their businesses have been shut down without the plaintiffs having been charged with a crime. See U.S. v. Oliver, 208 F.3d 211, 2000 WL 263954 (4th Cir. 2000) (unpublished).
4. The Attorney General’s affidavit stressed the risk to the prospects of its investigation if the affidavits are disclosed. However, from the Court’s review, the contents of the affidavits are unexceptional. They record the presence and observations of two undercover investigators on the plaintiffs’ premises. They describe the investigators’ experience of gaming on computer equipment and the manner and practices of the internet cafes’ operations. At the time, the cafes were open to the public and engaged in a brisk business. It appears to the Court that anything described in the affidavits could have been (or could be) independently obtained from interviews of the cafes’ former patrons. Put another way, the scenes depicted in the affidavits are absent secretive or otherwise unusual activities. The Court fails to see how disclosure could reasonably compromise the investigation.
5. The Court attaches significance to the fact that shortly after the execution of the search warrants, the Attorney General chose to promulgate regulations pursuant to its authority under G.L.c. 93A to “mak[e] clear that such gambling operations at ‘cyber cafes’ and ‘phone card video gaming terminals’ are illegal.” Attorney General’s Press Release of April 7, 2011. A fair inference to be drawn from such a public statement is that beforehand there was a plausible doubt as to that proposition.
6. The Court ALLOWS so much of the motion as seeks the release of the affidavits.
7. Because the Court is mindful that its perception of the sensitivity of the matters described in the affidavits may be incomplete, the Attorney General has ten (10) days from date of the entry of this order to propose that specified portions of the affidavits be redacted before release to the plaintiffs. Such proposed redactions shall be filed under seal and be subject to the current impoundment order pending further order of the Court.
1. The plaintiffs’ Emergency Motion to Terminate or Modify Order of Impoundment is ALLOWED.
2. Within ten (10) days of the entry of this order, the Attorney General may submit for the Court’s consideration redactions of designated portions of the affidavits.